STETTIN, HERBERT, Associate Judge,
concurring specially:
While I agree with the decision of the Court, I believe some.further discussion is required concerning a reversal of the conviction on Count II. The defendant was charged by information in two counts with two separate sales of narcotics to the same undercover policeman. From the testimony at trial, it appears the first sale took place *873 as a result of an introduction by a confidential informant. The second sale took place four days later but without the presence of the confidential informant. Woods v. State, supra, does clearly require reversal as to Count I, and, it seems to me, would also carry over so as to require reversal of the conviction under Count II because 1) the offenses were tried together, and 2) the State’s case rested entirely on the credibility of the undercover police-buyer in both transactions.
I therefore concur in the reversal of both convictions.